U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 0 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus

DANNY DANIELS

CRIMINAL NO. 04-50045-03
JUDGE TOM STAGG

---

## MEMORANDUM RULING[1]

Before the court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by the pro se defendant, Danny Daniels ("Daniels"). See Record Document 166. Based on the following analysis, Daniels's motion is **DENIED**.

## I. BACKGROUND

Daniels was charged in two counts of a seven-count second superseding indictment filed against Daniels and his two co-defendants, Derek Washington and Tommy Lee Dail II, on May 27, 2004. See Record Document 42. On August 23, 2004, in a written plea agreement with the government, Daniels pleaded guilty to count one of the indictment, which charged him with conspiracy to possess with intent to distribute 100 kilograms or more of a mixture containing a detectable

---

[1]This memorandum ruling is not intended for publication.

amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Document 92. Daniels subsequently filed a motion to withdraw his guilty plea on October 5, 2004, which was denied by this court two days later. See Record Documents 103 and 107. On February 16, 2005, Daniels was sentenced to 235 months imprisonment. See Record Document 126. This sentence was affirmed by the Court of Appeals for the Fifth Circuit on February 19, 2007. See Record Document 165. Daniels then filed the instant motion on September 24, 2007. See Record Document 166.

## II. LAW AND ANALYSIS

The government argues that the majority of Daniels's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Daniels "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural

default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted). To establish "cause," he must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Daniels must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. If Daniels is unable to establish both elements, he may still be entitled to relief under section 2255 if the error alleged is of a constitutional nature and ignoring it would result in a complete miscarriage of justice. Id. at 232. Daniels has not met this burden. However, in an abundance of caution, the court will address each of Daniels's claims.

### A.  Applicability Of The Career Offender Enhancement Provision.

First, Daniels argues that because his prior conviction by the State of Texas for aggravated assault was dismissed, the career offender sentencing enhancement that he was assessed at his sentencing hearing is no longer applicable. The court disagrees.

A defendant may seek relief pursuant to section 2255 when a state conviction that formed the basis of a career offender enhancement is invalidated after sentencing. See United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994). Pursuant to United States Sentencing Guidelines section 4B1.1, the offense level, and therefore the

3

applicable sentencing range, for a convicted felon may be enhanced if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a) and (b). Daniels received such an enhancement at his sentencing hearing. One of the convictions that formed the basis of the enhancement stemmed from a Texas state charge of aggravated assault with a deadly weapon. Daniels pleaded guilty to the offense and received a sentence of deferred adjudication and community supervision on March 21, 2003. However, on March 20, 2006, the 203rd Judicial Court of Texas ordered that Daniels's period of supervision be terminated, that he be "unsuccessfully discharged" from such supervision, and that all proceedings regarding the underlying charge–including the indictment–be dismissed.[2] Record Document 168, Ex. C. While Daniels does not disagree that the initial application of the sentencing enhancement, based in part on this offense, is valid, he argues that because the underlying offense, including the indictment, was dismissed, the conviction no longer exists and the enhancement is no longer applicable. See Record Document 166 at 8. Thus, he claims that the court

---

[2]This termination of supervision occurred after Daniels was sentenced in federal court but before that sentenced was affirmed by the Fifth Circuit. Additionally, Daniels was unsuccessfully discharged from his period of supervision because he was charged with conspiracy to possess with intent to distribute illegal drugs. See Record Document 168, Ex. C. The government filed a motion to proceed with adjudication of guilt for his aggravated assault charge. See id. However, Daniels was then convicted and sentenced in federal court for the instant offense and no such proceeding occurred.

must vacate his sentence and resentence him without the career offender enhancement. See id. The applicable United States Sentencing Guidelines, Texas statutes, and Fifth Circuit case law do not support such an argument.

Under section 4B1.1 of the United States Sentencing Guidelines, Daniels was assessed a sentence enhancement for qualifying as a career offender. Application Note 3 of section 4B1.2, entitled "Definitions Of Terms Used In Section 4B1.1," states that "[t]he provisions of [section] 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under [section] 4B1.1." According to section 4A1.2(f), "A diversionary disposition resulting from a finding or admission of guilt...in a judicial proceeding is counted as a sentence under [section] 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."[3] Thus, because Daniels pleaded guilty to the offense, his prior conviction was properly counted as a prior offense for purposes of the career offender enhancement. Neither party disputes this fact. The parties disagree, however, as to the continued application of this prior conviction toward the sentence enhancement after its dismissal by the state court.

---

[3]U.S.S.G. § 4A1.1(c) refers to the computation of a defendant's criminal history category and states that any prior sentence not counted under section 4A1.1(a) or (b) is awarded one criminal history point for a total of up to four points.

Application Note 6 of section 4A1.2 states that "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." However, Daniels does not argue–and nothing in the record indicates–that his previous sentence of deferred adjudication and community supervision was reversed or vacated because of an error of law, because Daniels was exonerated, or because the prior sentence was ruled constitutionally invalid. Additionally, Application Note 10 of section 4A1.2 explains

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged sentences are not counted.

Again, neither party claims–and nothing in the record indicates–that Daniels's prior sentence was expunged. Instead, it was merely dismissed for reasons unrelated to innocence or errors of law.

Moreover, pursuant to section 5(c) of Article 42.12 of the Texas Code of Criminal Procedure, when a defendant's period of community supervision has expired without an adjudication of guilt, "the judge <u>shall</u> dismiss the proceedings against the

defendant and discharge him" (emphasis added). Additionally, "[t]he judge may dismiss the proceedings and discharge a defendant, other than a defendant charged with an offense requiring the defendant to register as a sex offender...prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served." Tex. Code Crim. Proc. Art. 42.12 § 5(c). Finally, "[f]or any defendant who receives a dismissal and discharge under this section: (1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty." Tex. Code Crim. Proc. Art. 42.12 § 5(c)(1). Therefore, despite the fact that the state judge dismissed all proceedings against Daniels regarding his state aggravated assault charge, Texas state law and the United States Sentencing Guidelines clearly state that a prior conviction based on a plea of guilty that resulted in a sentence of deferred adjudication and community supervision counts as a prior conviction in subsequent sentencing proceedings, regardless of dismissal of the state indictment.

Fifth Circuit case law also supports this interpretation of the governing state statutes and sentencing guidelines. In <u>Custis v. United States</u>, the United States Supreme Court, in dicta, stated that if a defendant was successful in attacking a prior

7

state sentence, he may then apply for a reopening of the federal sentence that was enhanced by the successfully dismissed state conviction. See 511 U.S. 485, 497, 114 S.Ct. 1732, 1739 (1994). Daniels argues that based on the dismissal of his prior state conviction, he is entitled to have his case reopened. However, the Supreme Court was very clear in stating that it expressed no opinion at all on the proper disposition of such an application.[4] In this case, though, Daniels did not in any way attack his prior state conviction. Rather, his state conviction was dismissed at the discretion of the state judge upon termination of Daniels's period of supervision. Moreover, even if a defendant has successfully attacked a prior state conviction, it is within the discretion of the court to determine whether a prior sentence needs to be reopened; neither the Supreme Court nor the Fifth Circuit have held that a prior sentence must be reopened in such a case. Additionally, in United States v. Santana, the Fifth Circuit specifically held that a prior conviction for which a defendant received a diversionary disposition, such as deferred adjudication, is still a valid basis for a career offender designation, even after dismissal of the underlying offense. See 220 F.App'x 283, 286 (5th Cir. 2007).[5]

---

[4] The Fifth Circuit has since adopted this position. See United States v. Clark, 284 F.3d 563, 566 (5th Cir. 2002); Nichols, 30 F.3d at 36.

[5] The court notes that Santana is an unpublished opinion and cites it only as further support of this court's interpretation of precedential case law, the sentencing

In his reply to the government's response to his section 2255 motion, Daniels argues that because the indictment for the underlying offense was dismissed by the Texas state court, a career offender enhancement based in part on that offense is no longer valid. <u>See</u> Record Document 171 at 3. However, the court has clearly shown that dismissal of the underlying indictment does not render the career offender enhancement invalid or unjustified. Therefore, because Daniels has failed to prove that his federal sentence should be reopened based on dismissal of the indictment underlying a prior Texas state conviction, this claim is dismissed.

**B.     Government's Advocation Of An Upward Departure.**

Next, Daniels argues that the government breached its plea agreement with him when it requested an upward departure from the applicable sentencing guideline range. Again, the court disagrees.

A guilty plea based on a breached plea agreement is subject to collateral attack in a section 2255 motion. <u>See</u> <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th Cir. 1992). If the government agrees to a plea agreement, it must strictly adhere to the promises and conditions included in the agreement. <u>See</u> <u>United States v. Munoz</u>, 408 F.3d 222, 226 (5th Cir. 2005) (citations omitted). The defendant bears the burden of

---

guidelines, and applicable state law.

9

proving the underlying facts resulting in the breach by a preponderance of the evidence. See United States v. Lewis, 476 F.3d 369, 387 (5th Cir. 2007) (citations omitted). To determine whether a plea agreement has been breached, the court considers whether the government's conduct is consistent with a reasonable understanding of the plea agreement by the defendant. See id. at 387-88 (citations and quotations omitted).

Daniels argues that because the government advocated an upward departure from the applicable guideline range during his sentencing hearing, it breached the signed plea agreement. Daniels bases his argument on two provisions in the plea agreement: (1) that the appropriate sentence was to be determined by the court, and (2) that should the defendant provide substantial assistance, the United States Attorney had discretion to recommend a downward departure in the defendant's sentence. See Record Document 92 at ¶¶ 3, 11-13. Daniels argues that the government promised "in several paragraphs of the plea agreement, that it may recommend to this court to depart downward and advocating an upward departure after disagreement with this court on legal argument, impugns the integrity of the court in plea bargaining."[6] Record Document 166 at 12. Daniels further claims that

---

[6] In his section 2255 motion, Daniels claims that at his sentencing hearing, the government sought to introduce a tape recording as evidence supporting its position

in suggesting an upward departure, the government was not simply providing information to help the court determine the appropriate sentence. See id.

The government responds that although it did request an upward departure, nothing in the plea agreement precluded such a request. The court agrees. First, the plea agreement does not include any provisions that in any way preclude the government from requesting an upward departure; the government in no way agreed not to make such a request. Second, the language in the plea agreement to which the defendant refers is standard plea agreement language stating that if a defendant should provide substantial assistance to the government in prosecuting this or other criminal cases, then, and solely within the discretion of the United States attorney, the government <u>may</u> make a request for downward departure. This language neither guarantees in any way that such a downward departure will be recommended, nor does it preclude the government from recommending an upward departure. Moreover, neither party makes the claim that the defendant provided substantial

---

that Daniels was a leader and organizer of the criminal activity for which he was being sentenced. Defense counsel apparently objected to the introduction of this evidence, and the court sustained the objection. Therefore, Daniels argues that because the court did not apply the enhancement requested by the government, the government then recommended an upward departure from the applicable guideline range determined by the court. See Record Document 166 at 11.

11

assistance to the government in this case, so such a downward departure obviously was not warranted.[3]

Therefore, the court finds that because no language in the plea agreement precluded a request for an upward departure, the government's conduct was consistent with a reasonable understanding of the plea agreement by the defendant. The defendant has failed to prove that such a breach occurred. This claim, therefore, is dismissed.

## C.   Ineffective Assistance Of Counsel.

Finally, Daniels argues that he was denied effective assistance of counsel at both his sentencing hearing and during his appeal of that sentence. Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Daniels must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466

---

[3]Additionally, the court notes that the plea agreement that the defendant signed specifically states that "[t]his is the entire Plea Agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney." Record Document 92 at ¶ 14.

U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland analysis requires a showing by Daniels that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In evaluating counsel's performance the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See id. at 689, 104 S. Ct. at 2065. Daniels may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. 2066.

Under the second prong of the Strickland test, Daniels must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. If Daniels fails to establish either prong of the Strickland test, then his claims of ineffective assistance of counsel must fail.

1.  **Ineffective Assistance Of Counsel In The Sentencing Process.**

Daniels claims that his counsel, Stanley Broussard ("Broussard") was ineffective during the sentencing process because of his failure to object that the plea agreement had been breached and his failure to renew Daniels's motion to withdraw his guilty plea. See Record Document 166 at 14-15. However, he is unable to meet the Strickland standard as to either of these claims.

Daniels first complains that Broussard was ineffective because he failed to object that the government breached the plea agreement when it recommended an upward departure from the applicable sentencing guidelines during Daniels's sentencing hearing. However, he has failed to prove that in doing so, Broussard acted outside the scope of professionally competent assistance. As explained above, nothing in the plea agreement precluded the government from making such a recommendation. As such, no grounds for such an objection exists in this case. Daniels's attorney cannot be faulted for failing to make a baseless objection. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (holding that an attorney is not required to make futile objections).

14

Daniels also contends that Broussard was ineffective for failing to renew Daniels's motion to withdraw his guilty plea.[4] See Record Document 166 at 15. Once again, Daniels is unable to satisfy the two prongs of the <u>Strickland</u> analysis. He has failed to show that Broussard's failure to renew a motion that had previously been denied by the presiding court was outside the scope of reasonably competent assistance. Instead, Daniels argues that "[t]he most able and competent lawyer in the world cannot render effective assistance in the defense of his client if his lack of preparation results in his failure to learn the readily available facts which might have afforded his client a legitimate justiciable defense." Record Document 166 at 15. Daniels, however, does not offer any evidence that Broussard was unprepared for the sentencing hearing and does not identify the "readily available facts" to which Broussard failed to avail himself. Moreover, Daniels provides no evidence of or reasons why the court would greet his renewal of the motion to withdraw his guilty plea with anything other than an affirmation of its previous denial. Thus, any renewed motion by the defendant to withdraw his guilty plea would likely have been fruitless. It is well settled that an attorney need not file frivolous motions at the

---

[4]Daniels filed a motion to withdraw his guilty plea on October 4, 2004. <u>See</u> Record Document 103. This court denied that motion on October 6, 2004. <u>See</u> Record Document 107.

15

request of his client in order to provide competent assistance. See Murray, 736 F.2d at 283.

Because Daniels failed to show that Broussard "acted in other than an objectively reasonable manner" in representing him at his sentencing hearing, he failed to meet the first prong of the Strickland test. United States v. Brewer, 60 F.3d 1142, 1145 (5th Cir. 1995). Thus, Daniels's ineffective assistance of counsel in the sentencing process claims are without merit and must be dismissed.

### 2. Ineffective Assistance Of Counsel In The Appellate Process.

Daniels also claims that his counsel was ineffective for failing to raise the breach of plea agreement argument on appeal. However, as previously discussed, this argument is wholly without merit. Broussard cannot be considered ineffective for failing to file a frivolous, meritless appeal. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.") (citations omitted). Therefore, the court finds that Broussard did not provide ineffective assistance of counsel on appeal, and Daniels's claims to that effect are dismissed.

### III. CONCLUSION

Daniels's claims of the inapplicability of the United States Sentencing Guidelines' career offender enhancement, alleged breach of the plea agreement by the government, and ineffective assistance of counsel are all without merit.

Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 166) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of April, 2008.

_____
JUDGE TOM STAGG